IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MILTON TAYLOR, | § | |
| | § | No. 367, 2017 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID. No. 0003016874 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: February 21, 2018
Decided: March 7, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 7th day of March, 2018, having considered the briefs and the record below, it appears to the Court that:

(1)    On March 30, 2001, a jury convicted Milton Taylor of first degree murder, and the Superior Court sentenced him to death. This Court affirmed on July 6, 2001. Taylor filed a motion for postconviction relief, which the Superior Court denied on August 6, 2010, and this Court affirmed on October 25, 2011. On November 26, 2014, Taylor filed a second motion for postconviction relief, which

was stayed pending this Court's decision in *Powell v. Delaware*.[1]  In *Powell*, this Court held that the decision in *Rauf v. State*,[2] which found Delaware's death penalty statute unconstitutional, applied retroactively.  Therefore, the Superior Court vacated Taylor's death sentence and sentenced him to life in prison without the benefit of probation or parole, pursuant to 11 *Del. C.* § 4209(d)(2).[3]  On July 10, 2017, Taylor filed a Rule 35 motion to correct or reduce his sentence,[4] arguing he should have been sentenced under 11 *Del. C.* § 4205.  The Superior Court denied the motion on August 11, 2017,[5] and Taylor appealed.  This Court reviews the denial of a Rule 35 motion for an abuse of discretion and reviews questions of law de novo.[6]

(2)     On appeal, Taylor argues the court should have sentenced him according to 11 *Del. C.* § 4205 because *Rauf v. State* found 11 *Del. C.* § 4209 unconstitutional in its entirety.[7]  We rejected this argument in *Zebroski v. State*, explaining that "*Rauf* did not . . . invalidate the entirety of section 4209, and, as we said in *Powell*, the statute's life-without-parole alternative is the correct sentence to

---

[1] 153 A.3d 69 (Del. 2016).

[2] 145 A.3d 430 (Del. 2016).

[3] 11 *Del. C.* § 4209(d)(2) ("Otherwise, the Court shall impose a sentence of imprisonment for the remainder of the defendant's natural life without benefit of probation or parole or any other reduction.").

[4] Super. Ct. Crim. R. 35(a) ("The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.").

[5] Opening Br. Ex. A (Order, *State v. Taylor*, No. 0003016874 (Del. Super. Aug. 11, 2017)).

[6] *State v. Lewis*, 797 A.2d 1198, 1202 (Del. 2002).

[7] Opening Br. at 6–7.

2

impose on a defendant whose death sentence is vacated."[8] Thus, the Superior Court properly sentenced Taylor under 11 *Del. C.* § 4209(d)(2).

(3) Taylor next argues that a mandatory sentence of life without parole violates the Eighth Amendment of the United States Constitution[9] because "Delaware would be the only non-death penalty state to punish an act defined as broadly as 'intentional killing' with mandatory life without the possibility of parole."[10] Taylor argues this "[r]are usage indicates societal rejection of mandatorily imposing this extreme penalty, rendering it cruel and unusual under the Eighth Amendment."[11] Taylor provides no support for this argument. This Court and the United States Supreme Court have explained that "[t]he Eighth Amendment is not violated every time a State reaches a conclusion different from a majority of its sisters over how to best administer its criminal laws."[12] Instead, we defer to the General Assembly's determination.[13]

---

[8] 2018 WL 559678, at *1 (Del. Jan. 25, 2018); *see also Norcross v. State*, 2018 WL 266826, at *1 n.3 (Del. Jan. 2, 2018) (TABLE) ("The answer to Question Five in the *per curiam* opinion in *Rauf* applied to severability of the procedures leading to the death penalty. It had no effect upon 11 *Del. C.* § 4209(d)(2).") (citing *Powell*, 153 A.3d 69; *Phillips v. State*, 154 A.3d 1130 (Del. 2017); *State v. Reyes*, 155 A.3d 331 (Del. 2017)); *see also Manley v. State*, 173 A.3d 85 (Del. 2017); *Stevenson v. State*, 2017 WL 6330741 (Del. Nov. 2, 2017).

[9] U.S. Const. amend. VIII ("[C]ruel and unusual punishments [shall not be] inflicted.").

[10] Opening Br. at 11.

[11] *Id.* at 12.

[12] *Williams v. State*, 539 A.2d 164, 180 (Del. 1988) (quoting *Spaziano v. Florida*, 468 U.S. 447, 464 (1984)); *cf. Stanley v. State*, 30 A.3d 782 (Del. 2011) (upholding mandatory life sentence without parole for habitual violent offender); *Tate v. State*, 571 A.2d 788 (Del. 1990) (same).

[13] *Rummel v. Estelle*, 445 U.S. 263, 274 (1980) ("[O]ne could argue without fear of contradiction by any decision of this Court that for crimes concededly classified and classifiable as felonies, . . .

3

(4) Lastly, Taylor argues that the sentence violates his Fourteenth Amendment Due Process rights,[14] because his "trial strategy would surely have been different," had life without parole been the mandatory sentence.[15] He argues that his counsel "would have given different advice . . . and may well have changed his approach to the presentation of evidence at guilt."[16] This argument was also rejected in *Zebroski v. State*, and Taylor does not state how the strategy or advice would have differed, nor how it would have affected the outcome of the case.[17] Therefore, Taylor's sentence of life imprisonment without benefit of probation or parole does not violate his constitutional rights under the Eighth or Fourteenth Amendments.

NOW, THEREFORE, it is hereby ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

the length of the sentence actually imposed is purely a matter of legislative prerogative."); *Williams*, 539 A.2d at 180 ("The Delaware legislature's determination [of a life sentence without parole] is justifiable because of the violent nature of the crimes involved.").

[14] U.S. Const. amend. XIV ("[N]or shall any State deprive any person of life, liberty, or property, without due process of law . . . .").

[15] Opening Br. at 12.

[16] *Id.* at 12–13.

[17] 2018 WL 559678, at *6 ("Under [this] line of reasoning, all defendants convicted under a capital punishment regime that is later declared unconstitutional would be entitled to have their convictions vacated because their trial lawyers may have employed different strategies had the possibility of death not loomed over their cases. That has never been true in Delaware on any of the past occasions when the State's capital punishment scheme has been struck down, and [the defendant] does not cite any authority for the notion that due process requires that relief.").